[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12772
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2011
JOHN LEY
CLERK

Agency No. A079-492-478

JAVIER ROBERTO RINCON-RAMIREZ,
LUZ DARY HERNANDEZ-GALLEGO,
MELISSA RINCON-HERNANDEZ,
JOSE R. RINCON-HERNANDEZ,
MIGUEL RINCON-HERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 1, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On June 18, 2010, Javier Roberto Rincon-Ramirez, his wife, Luz Dary Hernandez-Gallego, and their three children, Melissa Rincon-Hernandez, Jose Rincon-Hernandez, and Miguel Rincon-Hernandez (collectively, "Petitioners") filed a *pro se* petition for review. In their petition, the Petitioners sought review of an order of the Board of Immigration Appeals ("BIA"), dated May 19, 2010, denying their motion to reopen the BIA's previous decision, dated February 20, 2009. The BIA's February 2009 decision affirmed the Immigration Judge's ("IJ") denial of the Petitioners' application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16. In their *pro se* brief on appeal, the Petitioners challenge only the BIA's February 2009 decision affirming the denial of their application for asylum, withholding of removal, and CAT relief. They make no reference to their motion to reopen or to the BIA's May 2010 denial of that motion.

We review our subject-matter jurisdiction *de novo*. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). While we generally have jurisdiction to review

2

final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We do not have jurisdiction to review a final order of removal if the petition for review is not filed within that deadline because "the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, [and] it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

While we liberally construe briefs filed by *pro se* litigants, *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997), "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned," *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

Because the Petitioners did not file their petition for review within 30 days of the BIA's order denying their application for asylum, withholding of removal, and CAT relief, we do not have jurisdiction to consider the merits of that decision. And because the Petitioners make no argument concerning their motion to reopen in their opening brief, they have abandoned the issue. Accordingly, we dismiss the petition for review in part and deny it in part.

**DISMISSED**, in part, and **DENIED**, in part.

3